Alex Asil Mashiri, Esq. (SBN 283798)
alexmashiri@yahoo.com
**MASHIRI LAW FIRM**
A Professional Corporation
11251 Rancho Carmel Drive #500694
San Diego, CA 92150
Phone: (858) 348-4938
Fax: (858) 348-4939

Tamim Jami, Esq. (SBN 311351)
tamim@jamilaw.com
**THE JAMI LAW FIRM P.C.**
3525 Del Mar Heights Rd #941
San Diego, CA 92130
Telephone: (858) 284-0248
Fax: (858) 284-0977

Attorneys for Plaintiff:
FRESHTA Y. NAYAB

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRESHTA Y. NAYAB, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CAPITAL ONE BANK, N.A.,<br><br>Defendant.<br>_____ | Case No. **'16CV3111 CAB NLS**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681, ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff FRESHTA Y. NAYAB alleges as follows:

## INTRODUCTION

1. Plaintiff FRESHTA Y. NAYAB (hereinafter referred to as "Plaintiff"), brings this lawsuit against Defendant CAPITAL ONE BANK, N.A. (hereinafter "Defendant") with regard to Defendant's unauthorized and unlawful credit inquiry in violation of the Fair Credit Reporting Act ("FCRA").

2. Plaintiff brings this action to seek actual damages, statutory damages, injunctive relief, attorneys' fees and costs, and other relief the Court deems appropriate.

3. Plaintiff alleges as follows, upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to a Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violations.

7. Unless otherwise indicated, the use of Defendant in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

## PARTIES

8. Plaintiff is, and at all times mentioned herein was, an individual, residing in the County of San Diego, State of California.

9. Plaintiff is a natural person who resides in San Diego, in the state of California whose credit report was affected by an unauthorized inquiry. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. section 1681a(c).

10. Plaintiff is informed and believes, and thereupon alleges, that Defendant is, and at all times mentioned herein was, a bank conducting and engaging in business in the County of San Diego, State of California.

11. Plaintiff is informed and believes, and thereupon alleges, that Defendant acquired Plaintiff's credit information through an unauthorized inquiry of Plaintiff's "consumer report" as that term is defined by 15 U.S.C. section 1681a(d)(1).

## JURISDICTION AND VENUE

12. This Court has federal question jurisdiction because this case arises out of violations of federal law. 15 U.S.C. § 1681 *et. seq*.

13. This action arises out of Defendant's violations of the FCRA. Because Defendant does business within the State of California, County of San Diego, personal jurisdiction is established.

14. Venue is proper pursuant to 28 U.S.C. section 1391(b).

## RELEVANT FACTS

15. At all times relevant, Plaintiff is and was an individual residing within the State of California.

16. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of California.

17. Plaintiff is informed and believes, and thereon alleges, that Defendant is a "person" as the term is defined by 15 U.S.C. section 1681a(b).

18. Plaintiff does not have a pre-existing business relationship with Defendant.

19. On June 20, 2016, upon review of her Experian credit report, Plaintiff discovered that Defendant submitted numerous unauthorized credit report inquiries to Experian, a credit reporting agency.

20. Plaintiff never conducted any business nor incurred any additional financial obligations to Defendant.

21. 15 U.S.C. section 1681b delineates the only permissible uses of, or access to, consumer reports, including "to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. § 1681b(a)(3)(A).

22. Defendant's inquiry for Plaintiff's consumer report information, without Plaintiff's consent, falls outside the scope of any permissible use or access included in 15 U.S.C. section 1681b.

23. Therefore, Defendant violated 15 U.S.C. section 1681b by using Plaintiff's consumer report for an impermissible use that falls outside the scope of 15 U.S.C. section 1681b.

24. Defendant's actions were willful under 15 U.S.C. section 1681n because Defendant was aware of the FCRA's prohibitions on impermissibly pulling consumers' credit reports. *See Doe v. Sentech Employment Services, Inc.*, (2016 WL 2851427, *6 (E.D. Mich. May 16, 2016) citing *Singleton v. Domino's Pizza, LLC*, 2012 WL 245965, *4 (D. Md. Jan. 25, 2012) ["Assertions that a defendant is aware of the FCRA, but failed to comply with its requirements, are sufficient to support an allegation of willfulness and to avoid dismissal."].

25. Plaintiff suffered an invasion of a legally protected interest when Defendant accessed her highly confidential personal information on her credit report at a time when Defendant had not right to do so, an invasion of Plaintiff's right to privacy. The FCRA, through 15 U.S.C. section 1681b, protects consumers like Plaintiff from this precise behavior.

26. The FCRA expressly provides that Congress made the following finding: "There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality and a respect for the consumer's right to

- 4 -
CLASS ACTION COMPLAINT

privacy." 15 U.S.C. § 1681a(4) (emphasis added).

27. Plaintiff was affected personally because when she realized the behavior of Defendant described above (pulling her credit report without any authorization), Plaintiff felt that her privacy had been invaded and that her personal and private information had been disclosed to Defendant, who had no right to Plaintiff's information.

28. The injury suffered by Plaintiff is concrete because, on information and belief, Defendant's violation of 15 U.S.C. section 1681b caused Plaintiff's credit score to drop directly impacting Plaintiff's credit availability and finances. Plaintiff also suffered from Defendant's invasion of Plaintiff's privacy. In enacting 15 U.S.C. section 1681b, Congress specifically sought to protect consumers from invasions of privacy and created restrictions on access to consumers' sensitive financial information in their credit reports.

29. Further, Defendant increased the risk that Plaintiff and the class members will be injured if there is a data breach on Defendant's computer systems by acquiring additional highly sensitive information about Plaintiff and the class members and saving that information onto its computer system. Data breaches are increasingly common[1] and financial institutions like Defendant are frequent targets of cybercriminals.[2]

30. As such, Plaintiff is entitled to the remedies available under 15 U.S.C. section 1681n and 15 U.S.C. section 1681o.

## CLASS ALLEGATIONS

31. Plaintiff brings this action on her own behalf, and on behalf of all others similarly situated.

32. Plaintiff defines the FCRA Class as follows:

---

[1] *See* Data Breaches, Kerbs, available at http://krebsonsecurity.com/category/data-breaches/
[2] *See* http://www.esecurityplanet.com/network-security/capital-one-acknowledges-insider-breach.html; *Also see* http://ago.vermont.gov/assets/files/Consumer/Security_Breach/2013-12-30%20Capital%20One%20Security%20Breach%20Notice%20Ltr%20to%20Consumer.pdf.

## CLASS ONE

All persons with addresses within the United States whose consumer credit report from any of these three major credit agencies (Experian, TransUnion, and Equifax) reflects an unauthorized consumer credit report inquiry by Defendant within the past 2 years.

## CLASS TWO

All persons with addresses within the United States whose consumer credit report from any of these three major credit agencies (Experian, TransUnion, and Equifax) reflects an unauthorized consumer credit report inquiry by Defendant within the past 5 years.

33. Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes, but believes the number is in the hundred, if not more. This matter should therefore be certified as a Class action to assist in the expeditious litigation of this matter.

34. Plaintiff and members of the Classes were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, engaged in illegal and deceptive practices, when it submitted an unauthorized consumer report inquiry under 15 U.S.C. section 1681 et seq. Plaintiff and the Classes' members were damaged thereby.

35. This suit seeks only recovery of actual and statutory damages on behalf of the Classes, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Classes' definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

36. The joinder of the Classes' members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Classes can be identified through Defendant's records or Defendant's agents' records.

37. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Classes predominate over questions which may affect individual members of the Classes, including the following:

a) Whether, within the class period, Defendant or its agents submitted any consumer credit report inquiries; and

b) Whether Plaintiff and the members of the Classes were damaged thereby, and the extent of damages for such violations.

38. Plaintiff will fairly and adequately protect the interest of the Classes.

39. Plaintiff has retained counsel experienced in consumer class action litigation and in handling claims involving violations of the Fair Credit Reporting Act.

40. Plaintiff's claims are typical of the claims of the Classes, which all arise from the same operative facts involving unlawful collection practices.

41. A class action is a superior method for the fair and efficient adjudication of this controversy.

42. Class-wide damages are essential to induce Defendant to comply with the Federal and State laws alleged in the Complaint.

43. The interests of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action under the FCRA is minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, *e.g.* securities fraud.

44. Defendant has acted on grounds generally applicable to the Classes, thereby making appropriate final declaratory relief with respect to each class as a whole.

45. Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard and via Internet website.

46. Plaintiff requests certification of a hybrid class combining the elements of Fed. R. Civ. P. 23(b)(3) for monetary damages and Fed. R. Civ. P. 23(b)(2) for equitable relief.

## FIRST CAUSE OF ACTION
**(Violation of the FCRA)**

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

49. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. section 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. section 1681o(a)(2), from Defendant.

50. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allow for all other class members, pursuant to 15 U.S.C. section 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. section 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. section 1681n(a)(3) from Defendant.

## REQUEST FOR PRESERVATION OF EVIDENCE

1. Preserve all forms of electronic data, regardless of where the data exists, without modification to or deletion of any potentially discoverable data;

2. Suspend all procedures that may alter or delete computer data;

3. Prevent deleting, overwriting, defragmenting, or compressing the data;

4. Preserve all archived back-up tapes and ensure that (a) if archive tapes are rotated, the relevant tapes are removed from the rotation; (b) if backups are made to hard drives, preserve the hard drive as well;

5. Preserve the contents of all hard drives, network drives, tape drives,

optical drives, floppy disks, CD and DVD drives, and all other types of drives or storage media that are within the possession, custody or control of all people who have knowledge of relevant facts and those who work with them, such as assistants;

6. Preserve the contents of all information on portable computers–such as laptops and palmtops–used by those people as well as home computers, if these are used for work purposed;

7. Preserve the contents of all data on computers that were used since the limitations period on the lawsuit began (for example; five years prior to filing) but that are no longer in use; and

8. Disclose electronic information in the Rule 26 initial disclosures.

## **REQUEST FOR JURY TRIAL**

As declared by the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

## **PRAYER FOR DAMAGES AND OTHER REMEDIES**

1. An order certifying the Class as requested herein;

2. An order appointing the Plaintiff as the representative of the Class;

3. An order certifying Plaintiff's counsel as Class Counsel;

4. An order requiring Defendant, at its own cost, to notify all members of the Classes of the unlawful acts discussed herein;

5. Injunctive relief requiring Defendant to refrain from further impermissible consumer credit pulls in compliance with 15 U.S.C. section 1681b;

6. Actual damages suffered by Plaintiff and each Class member, pursuant to 15 U.S.C. § 1681o(a)(1), against Defendant;

7. Statutory damages of not less than $100 and not more than $1,000 to Plaintiff and each Class member, pursuant to 15 U.S.C. § 1681n(a)(1), against Defendant;

8. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2); and

9. Any and all other relief that this Court deems just and proper.

Respectfully Submitted,

DATED: December 30, 2016    **MASHIRI LAW FIRM**

A Professional Corporation

By: /s/ Alex Asil Mashiri
Alex Asil Mashiri
Attorney for Plaintiff