

1  | **DOLL AMIR & ELEY LLP**
2  | HUNTER R. ELEY (SBN 224321)
   | heley@dollamir.com
3  | CHELSEA L. DIAZ (SBN 271859)
   | cdiaz@dollamir.com
4  | 1888 Century Park East, Suite 1850
   | Los Angeles, California 90067
5  | Tel:  310.557.9100
   | Fax: 310.557.9101
6  |
7  | Attorneys for Defendant,
   | CAPITAL ONE BANK (USA), N.A.,
8  | Erroneously sued as "Capital One Bank, N.A."

9

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

FRESHTA Y. NAYAB, individually and on behalf of others similarly situated,

　　　　　Plaintiff,

v.

CAPITAL ONE BANK, N.A.,

　　　　　Defendant.

Case No. 3:16-cv-03111-CAB-MDD

*Assigned to Judge Cathy Ann Bencivengo; Referred to Magistrate Judge Mitchell D. Dembin*

**DEFENDANT CAPITAL ONE BANK (USA), N.A.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO STRIKE FIRST AMENDED COMPLAINT PURSUANT TO RULES 12(b)(6) AND 12(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

[*Notice of Motion and Motion to Dismiss or, In the Alternative, Motion to Strike concurrently filed herewith*]

PER CHAMBER RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT

Date:    May 8, 2017

DOLL AMIR & ELEY LLP

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.  INTRODUCTION ...................................................................................... 1

II. SUMMARY OF FACTUAL ALLEGATIONS ............................................ 3

III. LEGAL STANDARD .............................................................................. 4

    A.  Motion To Dismiss.......................................................................... 4

    B.  Motion To Strike ............................................................................ 4

IV. ARGUMENT ........................................................................................... 5

    A.  Plaintiff Fails To State A Claim For Violation Of The FCRA ............ 5

        1.  Plaintiff Fails To Plead Any Facts Showing That The Purpose Of The Credit Inquiries Was Impermissible ............... 6

        2.  Plaintiff Fails To Plead Facts Showing That Any Purported Violation Was Willful ................................................................ 10

    B.  Plaintiff's Failsafe Class Allegations Must Be Stricken.................... 12

V.  CONCLUSION ........................................................................................ 14

DOLL AMIR & ELEY LLP

# TABLE OF AUTHORITIES

Page

**Cases**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ............................................................................ 4

*Balistreri v. Pacifica Police Dep't.,*
    901 F.2d 696 (9th Cir. 1988) ............................................................. 4

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 554 (2007) ........................................................................ 4, 9

*Bickley v. Dish Network, LLC,*
    2012 WL 5397754 (W.D. Ky. 2012) ............................................... 8, 9

*Brazil v. Dell Inc.,*
    585 F.Supp.2d 1158 (N.D. Cal. 2008) ........................................ 12, 13

*Daniel v. Equable Ascent Financial, LLC,*
    2014 WL 5420058 (E.D. Mich. 2014) ............................................... 1

*Doe v. Sentech Employment Services, Inc.,*
    186 F.Supp.3d 732 (E.D. Mich. 2016) ......................................... 11, 12

*Epstein v. Wash. Energy Co.,*
    83 F.3d 1136 (9th Cir. 1996) ............................................................. 4

*In re Wal-Mart Stores, Inc. Wage and Hour Litigation,*
    505 F.Supp.2d 609 (N.D. Cal. 2007) ................................................ 5

*Jones v. Best Service Company,*
    2017 WL 490902 (C.D. Cal. 2017) ................................................ 6, 7

*Langan v. United Services Automobile Association,*
    69 F.Supp.3d 965 (N.D. Cal. 2014) .................................................. 5

*Lith v. Iheartmedia + Entertainment, Inc.,*
    2016 WL 4000356 (E.D. Cal. 2016) ........................................... 12, 13

*Nowlin v. Avis Budget Group,*
    2011 WL 7087108 (M.D.N.C. 2011) ............................................... 10

*Perez v. Portfolio Recovery Associates, LLC,*
    2012 WL 5373448 (D. Puerto Rico 2012) ....................... 1, 6, 7, 9, 11

*Perl v. Am. Express,*
    2012 WL 2711270 (S.D. N.Y. 2012) ............................................... 10

DOLL AMIR & ELEY LLP

DOLL AMIR & ELEY LLP

*Pyle v. First Nat. Collection Bureau*,
    2012 WL 1413970 (E.D. Cal. 2012) ........................................................ 7, 10

*Randleman v. Fidelity Nat. Title Ins. Co.*,
    646 F.3d 347 (6th Cir. 2011) ..................................................................... 13

*Sanders v. Apple Inc.*,
    672 F.Supp.2d 978 (N.D. Cal. 2009) ........................................................... 5

*Sauter v. CVS Pharmacy, Inc.*,
    2014 WL 1814076 (S.D. Ohio 2014) .......................................................... 13

*Singleton v. Domino's Pizza, LLC*,
    2012 WL 245965 (D. Md. 2012) ................................................................ 11

*Tauro v. Asset Acceptance*,
    2012 WL 2359954 (W.D. Pa. 2012) ............................................................ 10

*Thomas v. Financial Recovery Services*,
    2013 WL 387968 (C.D. Cal. 2013) ....................................................... 2, 7, 8

*Wagenaar v. Robison*,
    2014 WL 4206703 (D. Nev. 2014) ............................................................... 4

*Whittlestone, Inc. v. Handi-Craft Co.*,
    618 F.3d 970 (9th Cir. 2010) ...................................................................... 5

**Statutes**

15 U.S.C. § 1681 *et seq.* ................................................................... passim

15 U.S.C. § 1681(b) ............................................................................... 5

15 U.S.C. § 1681b ........................................................................... passim

15 U.S.C. § 1681b(f) .............................................................................. 5

15 U.S.C. § 1681n ................................................................................. 3

15 U.S.C. § 1681n(a) .............................................................................. 5

15 U.S.C. § 1681n(a)(1)-(2) ...................................................................... 5

15 U.S.C. § 1681o(a)(1) ........................................................................... 5

**Rules**

Fed. R. Civ. Pro. 12(b)(6) ..................................................................... 1, 4

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO
DISMISS OR, IN THE ALTERNATIVE, MOTION TO STRIKE FIRST AMENDED COMPLAINT



Fed. R. Civ. Pro. 12(f) ............................................................................. 1, 4, 5

DOLL AMIR & ELEY LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO
DISMISS OR, IN THE ALTERNATIVE, MOTION TO STRIKE FIRST AMENDED COMPLAINT

Defendant Capital One Bank (USA), N.A. ("Capital One"), erroneously sued as "Capital One Bank, N.A.," respectfully submits this Memorandum of Points and Authorities in Support of its Motion to Dismiss or, In the Alternative, Motion to Strike First Amended Complaint Pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure.

## I. __INTRODUCTION__

Plaintiff Freshta Y. Nayab ("Plaintiff") has filed a complaint against Capital One for purported violations of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* Specifically, Plaintiff alleges that she recently discovered that Capital One submitted inquiries regarding Plaintiff's credit to Experian. As Plaintiff conclusorily alleges, because Plaintiff and Capital One did not have a pre-existing relationship, such inquires must be illegal. Plaintiff thus filed suit against Capital One, not only on behalf of herself, but a purported class of persons as well. However, Plaintiff fails to state a claim under the FCRA.

In Plaintiff's initial complaint, Plaintiff first sought to state a claim by merely alleging the lack of a pre-existing relationship, therefore assuming that Capital One's credit inquiries into Plaintiff were illegal. However, as explained in Capital One's motion to dismiss the initial complaint, "[n]o part of the FCRA prevents third-parties from searching a person's credit report, even ones with no previous relationship to the person, provided that the inquiry is done for permissible purposes."[1] And given the wide variety of permissible credit inquiries, courts have consistently held that in order to state a claim under the FCRA, a plaintiff cannot simply assume that a credit inquiry is improper—instead, the plaintiff must allege ***specific facts*** showing why the inquiry at issue is impermissible, entitling Plaintiff to bring suit.

Plaintiff thus filed her First Amended Complaint in an attempt to rescue her

---

[1] *Daniel v. Equable Ascent Financial, LLC*, 2014 WL 5420058, at *2 (E.D. Mich. 2014), *quoting Perez v. Portfolio Recovery Associates, LLC*, 2012 WL 5373448, at *2 (D. Puerto Rico 2012).

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO STRIKE FIRST AMENDED COMPLAINT

DOLL AMIR & ELEY LLP

FCRA claim.  Yet, instead of alleging any additional facts, Plaintiff simply parrots the various permissible purposes provided for by the FCRA, and states in a conclusory fashion that these exceptions do not apply  However, this same type of conclusory pleading has been rejected by the courts:  "Plaintiff … enumerates each of the permissible circumstances under which a person may request a consumer credit report and alleges that none of these circumstances existed at or about the time Defendant requested Plaintiff's credit report.  As such, Plaintiff does no more than make legal conclusions."[2]

As a result, Plaintiff ***still*** fails to state a claim for which relief can be granted.  In order to survive a motion to dismiss, Plaintiff cannot simply parrot the language of a statute.  Instead, Plaintiff must allege actual facts that, if proven, would affirmatively establish that a wrongdoing occurred—the mere suspicion of a wrongdoing is not enough.  Yet, even after having an opportunity to amend her complaint, Plaintiff still fails to allege facts that would elevate her claim beyond mere suspicion.  Although Plaintiff makes significant effort to allege what the purpose of the credit inquiries purportedly ***is not*** (by merely parroting statutory language in a conclusory fashion), Plaintiff noticeably fails to allege any facts regarding what the purpose actually ***is***—for example, Plaintiff never alleges how these so-called inquiries appear on Plaintiff's credit report, or why Plaintiff believes that the mere appearance of such inquiries is improper.  Nor does Plaintiff allege any additional facts regarding these inquiries that would allow the Court to infer whether the purpose of those inquiries was permissible or impermissible.  All Plaintiff has alleged thus far is that Capital One made inquiries into Plaintiff's credit, and that various statutory exceptions do not apply.  That is not enough.

For these reasons, and more, Capital One's motion to dismiss should be granted.  Alternatively, as set forth below, the class allegations are impermissibly

---

[2] *Thomas v. Financial Recovery Services*, 2013 WL 387968, at *5 (C.D. Cal. 2013).

DOLL AMIR & ELEY LLP

"failsafe" and should be stricken.

## II. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff, an individual residing in San Diego County, alleges that on June 20, 2016, Plaintiff reviewed her Experian credit report, and discovered that Defendant Capital One, a banking institution, submitted a number of credit report inquiries to Experian regarding Plaintiff. *See* First Amended Complaint ("FAC"), Docket Entry No. 7, ¶ 9. Plaintiff alleges that these inquiries were "impermissible," simply by pointing to each statutorily permissible purpose, and alleging that each such purpose is inapplicable. *See* FAC, ¶¶ 23-35.

As a result, Plaintiff concludes that Capital One violated 15 U.S.C. § 1681b, which governs permissible (and impermissible) uses of credit inquiries. *See* FAC, ¶ 35. Plaintiff further alleges that Capital One's purported violation was willful under 15. U.S.C. § 1681n. FAC, ¶ 39. Plaintiff then alleges that the inquiries invaded her right of privacy, claims that the inquiries caused Plaintiff's credit score to drop, and claims that Plaintiff is at an increased risk of injury in the event of a data breach. FAC, ¶ 42-44.

Finally, Plaintiff seeks to bring this action on behalf of two purported classes:

- Class One: "All persons with addresses within the United States whose consumer credit reports were accessed, within the past 2 years, by Defendant at a time when Defendant did not have a credit relationship with said person of the kind specified in 15 U.S.C. section 1681b(a)(3)(A)-(F)."

- Class Two: "All persons with addresses within the United States whose consumer credit reports were accessed, within the past 5 years, by Defendant at a time when Defendant did not have a credit relationship with said person of the kind specified in 15 U.S.C. section 1681b(a)(3)(A)-(F)."

DOLL AMIR & ELEY LLP

1    FAC, ¶ 47.  Plaintiff's sole cause of action in this case is a violation of 15 U.S.C. §

2    1681b.  *See* FAC, ¶¶ 35, 62-65.

3    **III.    LEGAL STANDARD**

4        **A.    Motion To Dismiss**

5        A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal

6    sufficiency of the complaint to determine whether there is a "lack of a cognizable

7    legal theory," or "the absence of sufficient facts alleged under a cognizable legal

8    theory." *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

9    When considering motions to dismiss, "the court must accept as true all well-pleaded

10   factual allegations and draw all reasonable inferences from the complaint in the

11   plaintiff's favor." *Wagenaar v. Robison*, 2014 WL 4206703, at *2 (D. Nev. 2014).

12   "Second, the court must consider whether the factual allegations in the complaint

13   allege a plausible claim for relief." *Id.*

14       "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

15   need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of

16   her 'entitlement to relief' requires more than labels and conclusions, and a formulaic

17   recitation of the elements of a cause of action will not do." *Id.*  A complaint does not

18   "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"

19   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic Corp. v. Twombly*,

20   550 U.S. 554, 557 (2007)).  "Factual allegations must be enough to raise a right to

21   relief above the speculative level." *Twombly*, 550 U.S. at 555.  "All allegations of

22   material fact are taken as true and construed in the light most favorable to Plaintiffs.

23   However, conclusory allegations of law and unwarranted inferences are insufficient to

24   defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*,

25   83 F.3d 1136, 1140 (9th Cir. 1996); *see also Twombly*, 550 U.S. at 555.

26       **B.    Motion To Strike**

27       Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a

28   pleading an insufficient defense or any redundant, immaterial, impertinent, or

DOLL AMIR & ELEY LLP

scandalous matter." Fed. R. Civ. P. 12(f).  As with a motion to dismiss, when ruling on a motion to strike, a court must construe all facts in favor of the non-moving party. *In re Wal-Mart Stores, Inc. Wage and Hour Litigation*, 505 F.Supp.2d 609, 614 (N.D. Cal. 2007).  The purpose of a Rule 12(f) motion is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  *Whittlestone, Inc. v. Handi-Craft Co*., 618 F.3d 970, 973 (9th Cir. 2010).  As a result, like other pleading matters, class allegations which are insufficient on the face of the pleadings may be stricken.  *See Sanders v. Apple Inc*., 672 F.Supp.2d 978, 991 (N.D. Cal. 2009) ("The Federal Rules provide a mechanism for exercising defective class allegations before discovery…..  [The] Court may strike 'impertinent' matters from the pleadings "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.").  *See also Langan v. United Services Automobile Association*, 69 F.Supp.3d 965, 989 (N.D. Cal. 2014) (striking FCRA class allegation claims where "discovery on the class claims would not shed any additional light on the question of whether Langan can satisfy the requirements of Rule 23(a)(4)").

## IV.    ARGUMENT

### A.    Plaintiff Fails To State A Claim For Violation Of The FCRA

The Fair Credit Reporting Act ("FCRA") was adopted to provide "reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer."  *See* 15 U.S.C. § 1681(b).  Section 1681b sets forth the permissible purposes of obtaining or furnishing consumer reports.  15 U.S.C. § 1681b.  The FCRA imposes civil liability upon a person or entity that willfully or negligently obtains a credit report for a purpose that is not authorized by the statute.  15 U.S.C. §§ 1681b(f), 1681n(a).  A plaintiff may recover actual damages for negligent violations, *see* 15 U.S.C. § 1681o(a)(1), and actual or statutory and punitive damages for willful ones.  15 U.S.C. § 1681n(a)(1)-(2).

5

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO STRIKE FIRST AMENDED COMPLAINT

DOLL AMIR & ELEY LLP

**DOLL AMIR & ELEY LLP**

### 1.    Plaintiff Fails To Plead Any Facts Showing That The Purpose Of The Credit Inquiries Was Impermissible

In Plaintiff's initial complaint, Plaintiff claimed that Capital One's inquiries were "impermissible" because Plaintiff did not have a pre-existing business relationship with Capital One, has not conducted business with Capital One, and therefore Plaintiff assumed that the credit inquiries were impermissible because Capital One did not obtain Plaintiff's consent. *See* Complaint, Docket Entry No. 1, ¶ 18-20.  However, as explained in Capital One's initial motion to dismiss, *see* Docket Entry No. 5-1, "no part of the FCRA prevents third-parties from searching a person's credit report, even ones with no previous relationship to the person, provided that the inquiry is done for permissible purposes." *Perez v. Portfolio Recovery Associates, LLC*, 2012 WL 5373448, at *2 (D. Puerto Rico 2012).  *See also Jones v. Best Service Company*, 2017 WL 490902, at *8 (C.D. Cal. 2017) ("a credit report can be accessed without a consumer's permission for other 'permissible purposes' under the FCRA").

Because an entity may access a consumer's credit report without a consumer's consent for ***numerous*** permissible reasons under Section 1681b, "[t]o survive Defendant's Motion to Dismiss, the complaint must aver sufficient facts to establish to a plausible degree that Defendant obtained the credit reports for an impermissible purpose." *Perez*, 2012 WL 5373448, at *2.  Conclusory allegations of an impermissible purpose are insufficient to survive a motion to dismiss.  *See id.* ("the complaint offers no factual basis to infer what purpose—permissible or impermissible—Defendant had in making those inquiries", and thus the allegation that the defendant had no permissible purpose "is nothing more than a 'threadbare recital of the elements of a cause of action'").

In light of this authority, with her First Amended Complaint, Plaintiff seeks to rescue her conclusory claims by additionally pointing to each statutorily permissible purpose, and alleging that each such purpose is inapplicable. *See* FAC, ¶¶ 23-35. However, this too is insufficient.

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO STRIKE FIRST AMENDED COMPLAINT

DOLL AMIR & ELEY LLP

Again, to survive a motion to dismiss, the complaint must allege sufficient **facts** to establish to a **plausible degree** that defendant obtained the credit reports for an impermissible purpose. *Perez*, 2012 WL 5373448, at *2. Mere recitation of statutory language, supported only by conclusory statements, is not enough. *Pyle v. First Nat. Collection Bureau*, 2012 WL 1413970, at *4 (E.D. Cal. 2012). Thus, in support of a claim under the FCRA, merely alleging that the various permissible purposes under Section 1681b do not apply is insufficient to survive a motion to dismiss. *Jones*, 2017 WL 490902, at *7 ("Plaintiff merely highlights three possible 'permissible purposes' under the Act and summarily asserts that they do not apply here. This is a legal conclusion, not a factual allegation.")

For example, in *Thomas v. Financial Recovery Services*, the plaintiff alleged that the defendant violated Section 1681b "by obtaining the [plaintiff's] consumer credit report … for an impermissible purpose and without her authorization." 2013 WL 387968, at *1 (C.D. Cal. 2013). As the Plaintiff does here, the plaintiff in *Thomas* alleged that she had no pre-existing relationship with the defendant, and further alleged that each permissible purpose under Section 1681b did not apply. *See id.* at *3 ("For example, Plaintiff alleges that she did not authorize the credit reporting agency to furnish the report nor authorize FRS to obtain the report; did not apply for any credit, loans, or services with FRS, have a contractual relationship with FRS, owe a debt to FRS, nor have an existing account or credit obligation with FRS; did not apply for employment or insurance with FRS; was not subject to a court order requiring the report; and did not apply for a license or other benefit").

However, the Central District of California rejected the plaintiff's argument, holding that the plaintiff's complaint failed to state a claim under the FCRA. *Id.* at *4. Specifically, "the plaintiff must allege **facts** that, if proven, would establish that the defendant did not have a permissible purpose for obtaining the credit report at issue.… [B]are allegations that the defendant did not have a permissible purpose for obtaining a credit report, without more, are insufficient." *Id.* (emphasis added).

Doll Amir & Eley LLP

1  Turning to the plaintiff's specific allegations, the court held that, despite the

2  plaintiff's various assertions, the plaintiff failed to allege any facts that would

3  establish an impermissible purpose:

4          Plaintiff has made the conclusory allegation that Defendant did not
           have a permissible purpose to request her credit report.  Plaintiff
5          additionally enumerates each of the permissible circumstances under
           which a person may request a consumer credit report and alleges that
6          none of these circumstances existed at or about the time Defendant
           requested Plaintiff's credit report.  As such, Plaintiff does no more than
7          make legal conclusions.

8

9  *Id.* at *5 (internal citations omitted).

10         The Central District's opinion in *Thomas* is directly applicable to the facts of

11  this case.  Plaintiff here, just as the plaintiff in *Thomas*, simply alleges in a conclusory

12  fashion that Capital One's credit inquiries were "impermissible."  FAC, ¶ 35.  As the

13  plaintiff in *Thomas*, Plaintiff attempts to support her conclusion by "enumerate[ing]

14  each of the permissible circumstances under which a person may request a consumer

15  credit report and alleg[ing] that none of these circumstances existed at or about the

16  time Defendant requested Plaintiff's credit report."  *Thomas*, 2013 WL 387968, at *5;

17  FAC, ¶¶ 24-35.  However, just as the plaintiff in *Thomas*, Plaintiff here "does no

18  more than make legal conclusions."  *Thomas*, 2013 WL 387968, at *5.

19         To be sure, what Plaintiff glaringly omits from her complaint is any ***facts*** to

20  infer the ***actual purpose*** of the credit inquiries—in other words, Plaintiff never

21  explains what exactly Capital One did that was wrong.  This lack of facts is

22  particularly concerning considering that Plaintiff concedes that "[o]n each of the

23  numerous occasions that [Capital One] requested Plaintiff's credit report from

24  Experian, [Capital One] ***certified*** [to Experian] that it would use the information for a

25  ***permissible*** purpose as enumerated under 15 U.S.C. section 1681b."  FAC, ¶ 21

26  (emphasis added).  Given this concession, Plaintiff should provide more than mere

27  conclusory allegations to show why Plaintiff believes that this certification was false,

28  and that Capital One's purpose was in fact illegitimate.  *See Bickley v. Dish Network,*

*LLC*, 2012 WL 5397754, at *5 (W.D. Ky. 2012) ("Plaintiff makes no allegations as to any illegitimate purpose beyond the bare assertion that DISH Network accessed his credit report without a permissible purpose…. Even taking the factual allegations made in all pleadings and briefings as favorable to the Plaintiff, Plaintiff has failed to show that DISH Network accessed his credit report with an impermissible purpose.").

Plaintiff completely side-steps alleging the actual purpose of the inquiries at issue—a purpose which can likely be gleaned from Plaintiff's credit report itself. Instead of discussing facts that are central to Plaintiff's complaint, Plaintiff simply relies on the allegation that Plaintiff does not believe that the various statutorily permissible purposes apply, hoping to create the general suspicion of an impermissible purpose.

This is not enough. "[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555. Although Plaintiff's vague allegations may make it "possible" that the inquiries were for an impermissible purpose, "*Iqbal* requires that the claims asserted be plausible, not merely possible. To nudge a complaint across the line from the possible to the plausible, plaintiffs must do more than deliver 'naked assertions devoid of further factual enhancement…..' [T]he Court is not required to 'conjure up unpled allegations' to support Plaintiff's deficient complaint." *Perez*, 2012 WL 5373448, at *3 (internal citations omitted).

Again, the reality is that credit inquiries are made constantly—with and without consumer knowledge and consent—for a wide variety of permissible reasons. *See generally* 15 U.S.C. § 1681b. As a result, Plaintiff cannot bring suit merely on the naked allegation that an inquiry was impermissible, or that statutorily permissible purposes did not apply—she must support her allegation with actual facts. Yet, Plaintiff failed to do so here, providing no notice to Capital One (or the Court) as to the bases of her conclusions. Accordingly, Capital One's motion to dismiss Plaintiff's Section 1681b claim may be granted on this basis alone.

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO STRIKE FIRST AMENDED COMPLAINT

DOLL AMIR & ELEY LLP

### 2.   Plaintiff Fails To Plead Facts Showing That Any Purported Violation Was Willful

Even if Plaintiff adequately pleaded an impermissible purpose (she did not), Plaintiff's FCRA claim still must be dismissed for the additional reason that Plaintiff fails to allege any facts regarding willfulness.  "To state a claim for civil liability based on Section 1681b, a plaintiff must allege both that the defendant used or obtained the plaintiff's credit report for an impermissible purpose, and that the violation was willful or negligent."  *Perl v. Am. Express*, 2012 WL 2711270, at *2 (S.D. N.Y. 2012) (citations omitted).

Here, Plaintiff apparently relies on the allegation that Capital One's violation was willful (likely because in order to rely on mere negligence, Plaintiff would need to have suffered actual damages, which Plaintiff likely cannot allege[3]).  *See* FAC, ¶ 39.  "In order to survive dismissal, the Plaintiff must allege, with sufficient ***factual support***, that the Defendants willfully obtained his credit report without having a purpose to review it.  In other words, the [c]omplaint must allege facts sufficient to demonstrate that [the Defendants] should have known either that it did not intend to use the credit report in connection with a credit transaction involving [the Plaintiff] or involving ... the collection of an account of [the Plaintiff]."  *Tauro v. Asset Acceptance*, 2012 WL 2359954, at *5 (W.D. Pa. 2012) (internal citations omitted, emphasis added).  *See also Pyle*, 2012 WL 1413970, at *4 ("Merely 'stating the legal conclusion that Defendant [ ] acted ... willfully' but failing to provide 'any factual basis to support these causes of action' is insufficient.") (internal quotations and citations omitted).

---

[3] Plaintiff does claim that her credit score was adversely affected by the purported inquiries, however, "[a]n alleged decrease in credit score is not sufficient to state a claim for damages."  *Nowlin v. Avis Budget Group*, 2011 WL 7087108, at *2 (M.D.N.C. 2011).

DOLL AMIR & ELEY LLP

Here, Plaintiff fails to provide any factual basis to support the conclusion that any purported violation by Capital One was willful.  All Plaintiff states is that "Defendant's actions were willful under 15 U.S.C. section 1681n because Defendant either knowingly or recklessly disregarded the FCRA's prohibitions on impermissibly pulling consumers' credit reports", relying on Capital One's general awareness of the FCRA, and the vague assumption that Capital One's inquiries were impermissible.  *See* FAC, ¶¶ 36-39.  However, such conclusory allegations are devoid of any actual facts regarding what the inquiry was for, why it was impermissible, and how Defendant was aware that this particular inquiry was impermissible yet proceeded in any event.  Such a threadbare statements that Capital One's actions were "willful"— without identifying a factual basis for these allegations—is not enough to survive a motion to dismiss:  "Plaintiff must aver sufficient facts to plausibly establish that Defendant, either knowingly or with reckless disregard, ignored its obligations under the FCRA."  *Perez*, 2012 WL 5373448, at *4.

Nevertheless, in an apparent defense of her conclusory statement, Plaintiff cites in her First Amended Complaint *Doe v. Sentech Employment Services, Inc*., 186 F.Supp.3d 732 (E.D. Mich. 2016) and *Singleton v. Domino's Pizza, LLC*, 2012 WL 245965, at *4 (D. Md. 2012), relies on the quotation (divorced from context) that "assertions that a defendant was aware of the FCRA, but failed to comply with its requirements, are sufficient to support an allegation of willfulness and to avoid dismissal", and thus apparently concludes that simply making the unsupported assertion, devoid of any facts, is sufficient to survive dismissal.  *See* FAC, ¶ 24.

However, Plaintiff misconstrues the cited cases—to be sure, they make clear that allegations of ***specific facts*** are necessary to survive a motion to dismiss.  *See, e.g.*, *Singleton*, 2012 WL 245965, at *4 ("[A]llegation that the defendant 'willfully disregarded the mandates of [the Fair and Accurate Credit Transactions Act]' [are] insufficient to survive a motion to dismiss…. [T]o avoid dismissal, plaintiffs asserting that a defendant willfully failed to comply with the FCRA must set forth

DOLL AMIR & ELEY LLP

specific allegations to demonstrate willfulness").  In each of the cases cited by Plaintiff, in surviving a motion to dismiss, the plaintiffs alleged in detail why the defendants' conduct was willful.  *See, e.g.*, *Doe v. Sentech Employment Services, Inc.*, 186 F.Supp.3d at 740 ("Plaintiff then alleges that Defendant 'knew that it had an obligation to provide a stand-alone disclosure before procuring a consumer report, but chose to place its own interests ahead of the rights of consumers.'  'Before procuring [his] report,' Plaintiff pleads that '[Defendant] did, in fact, certify to First Advantage and any other consumer reporting agencies it used that it would comply with the stand-alone disclosure provisions of the FCRA.  Yet, [Defendant] failed to do so.'  Plaintiff concludes that '[b]y systematically inserting extraneous information into [Plaintiff's] and other current or prospective employees' disclosures, Defendant knowingly and willfully violated [the FCRA].'  Based on these allegations, the complaint illustrates that Defendant was aware of the stand-alone requirement and did not adhere to it.  Accordingly, Plaintiff has sufficiently alleged a knowing violation of the FCRA.").  Thus, although the cases cited by Plaintiff may have observed that assertions that a defendant was aware of the FCRA, but failed to comply with it, are sufficient to support an allegation of willfulness, those assertions ***still*** need to be ***supported by facts*** in order to survive a motion to dismiss.

Therefore, because Plaintiff failed to plead any facts in support of her allegation of willfulness, Plaintiff's complaint must be dismissed on this additional ground as well.

## B.   <u>Plaintiff's Failsafe Class Allegations Must Be Stricken</u>

Finally, Plaintiff's class allegations must be stricken because they are impermissibly "failsafe."  A failsafe class is one that is defined by the merits of the claim.  *Brazil v. Dell Inc.*, 585 F.Supp.2d 1158, 1167 (N.D. Cal. 2008).  *See also Lith v. Iheartmedia + Entertainment, Inc.*, 2016 WL 4000356, at *4 (E.D. Cal. 2016).  In other words, a failsafe class definition requires the court to reach a legal determination on the validity of a person's claim in order to determine whether the

DOLL AMIR & ELEY LLP

person is included within the class. *Brazil*, 585 F.Supp.2d at 1167 ("As alleged, the proposed classes include California persons or entities who purchased Dell computer products that 'Dell falsely advertised.'  To determine who should be a member of these classes, it would be necessary for the court to reach a legal determination that Dell had falsely advertised").  As a result, a failsafe class is unascertainable prior to a liability determination.  *Id.*  Furthermore, failsafe classes allow potential class members to escape judgment if they lose on their claims, as they would no longer fall under the class definition.  *Lith*, 2016 WL 4000356, at *4.  *See also Randleman v. Fidelity Nat. Title Ins. Co.*, 646 F.3d 347, 352 (6th Cir. 2011) ("This is an improper fail-safe class that shields the putative class members from receiving an adverse judgment.  Either the class members win or, by virtue of losing, they are not in the class and, therefore, not bound by the judgment").

For these reasons, even though motions to strike class allegations may generally be disfavored, courts have held that failsafe classes may appropriately be stricken at the pleading stage.  *See Sauter v. CVS Pharmacy, Inc.*, 2014 WL 1814076, at *2 (S.D. Ohio 2014) ("[A] motion to strike class actions ... is even more disfavored because it requires a reviewing court to preemptively terminate the class aspects of ... litigation, solely on the basis of what is alleged in the complaint, and before plaintiffs are permitted to complete the discovery to which they would otherwise be entitled on questions relevant to class certification.... But '[a] court may strike class action allegations before a motion for class certification where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met.'").  *See also Brazil*, 585 F.Supp.2d at 1167; *Lith*, 2016 WL 4000356, at *4.

Here, Plaintiff's class definitions are plainly (and impermissibly) failsafe.  Both class definitions (which are identical, except for covering different time periods) define the class as persons whose consumer credit reports were accessed by Capital One, even though Capital One "did not have a credit relationship with said person of the kind specified in 15 U.S.C. section 1681b(a)(3)(A)-(F)."  FAC, ¶ 47.  In other

13

words, Plaintiff seeks to define the class as persons whose credit reports were accessed by Capital One, where Capital One did not have a permissible purpose under Section 1681b for doing so.  Thus, inclusion within Plaintiff's purported classes completely hinge on whether an inquiry is permissible (pursuant to statute) or not.

Consequently, the class is completely unascertainable prior to a liability determination.  Namely, determining who would be included in the class would require the Court to individually examine the claim of each purported class member and the credit inquiry or inquiries at issue, and then determine whether the inquiries complied (or failed to comply) with the various permissible purposes under the FCRA.  Until the Court examines each purported inquiry at issue, and determines whether a permissible purpose under the FCRA applies, there is simply no way to determine whether a person is encompassed within the Plaintiff's purported class.

Further, Plaintiff's class definition unfairly shields potential class members from an adverse judgment.  If a person prevails and demonstrates that an inquiry is impermissible, that person is included in the class and may benefit from the judgment.  Yet, if the person loses, and the inquiry was in fact permissible, that person is now outside the class and may escape judgment.

Accordingly, there can be little doubt that Plaintiff's class definition is impermissible, and should be stricken from the First Amended Complaint.

## V.   **CONCLUSION**

For all the foregoing reasons, Capital One requests that its Motion to Dismiss be granted in its entirety, and Plaintiff's class allegations stricken.

DATED:  April 3, 2017                    DOLL AMIR & ELEY LLP

By: /s/ Hunter R. Eley
    HUNTER R. ELEY
    Attorneys for Defendant,
    CAPITAL ONE BANK (USA), N.A.

DOLL AMIR & ELEY LLP

14

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is **1888 Century Park East, Suite 1850, Los Angeles, California 90067**.

On April 3, 2017, I served the foregoing document described as **DEFENDANT CAPITAL ONE BANK (USA), N.A.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO STRIKE FIRST AMENDED COMPLAINT PURSUANT TO RULES 12(b)(6) AND 12(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE** on the interested parties in this action by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ **BY REGULAR MAIL:** I deposited such envelope in the mail at 1888 Century Park East, Suite 1850, Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐ **BY FACSIMILE MACHINE:** I transmitted a true copy of said document(s) by facsimile machine, and no error was reported. Said fax transmission(s) were directed as indicated on the service list.

☐ **BY OVERNIGHT DELIVERY:** I caused such documents to be delivered overnight via an overnight delivery service in lieu of delivery by mail to the addressees. The envelope or package was deposited with delivery fees thereon fully prepaid.

☐ **BY ELECTRONIC MAIL:** I transmitted a true copy of said document(s) via electronic mail, and no error was reported. Said email was directed as indicated on the service list.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☒ **BY CM/ECF:** I electronically transmitted a true copy of said document(s) to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the aforementioned CM/ECF registrants.

I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 3, 2017, at Los Angeles, California.

Diana Kang

# SERVICE LIST

1

2

3     Alex Asil Mashiri, Esq.                    T: (858) 348-4938
      MASHIRI LAW FIRM                           F: (858) 348-4939
4     A Professional Corporation                 alexmashiri@yahoo.com
      11251 Rancho Carmel Drive, #500694
5     San Diego, CA 92150                        *Attorneys for Plaintiff, Freshta Y.*
                                                 *Nayab*
6

7     Tamim Jami, Esq.                           T: (858) 284-0248
      THE JAMI LAW FIRM P.C.                     F: (858) 284-0977
8     3525 Del Mar Heights Rd., #941             tamim@jamilaw.com
      San Diego, CA 92130
9                                                *Attorneys for Plaintiff, Freshta Y.*
                                                 *Nayab*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DOLL AMIR & ELEY LLP