1   Alex Asil Mashiri, Esq. (SBN 283798)
    alexmashiri@yahoo.com
2   **MASHIRI LAW FIRM**
3   A Professional Corporation
    11251 Rancho Carmel Drive #500694
4   San Diego, CA 92150
5   Tel: (858) 348-4938
    Fax: (858) 348-4939
6
7   Tamim Jami, Esq. (SBN 311351)
    tamim@jamilaw.com
8   **THE JAMI LAW FIRM P.C.**
9   3525 Del Mar Heights Rd #941
    San Diego, CA 92130
10  Tel: (858) 284-0248
11  Fax: (858) 284-0977
12
    Attorneys for Plaintiff:
13  FRESHTA Y. NAYAB
14
15                **UNITED STATES DISTRICT COURT**
                **SOUTHERN DISTRICT OF CALIFORNIA**
16
17  FRESHTA Y. NAYAB, individually       )  Case No.: 3:16-cv-03111-CAB-MDD
    and on behalf of others similarly    )
18  situated,                            )
                                         )  **PLAINTIFF'S MEMORANDUM**
19              Plaintiff,               )  **OF POINTS AND AUTHORITIES**
                                         )  **IN SUPPORT OF ITS**
20      vs.                              )  **OPPOSITION TO DEFENDANT'S**
                                         )  **MOTION TO DISMISS AND**
21                                       )  **MOTION TO STRIKE**
                                         )  **PLAINTIFF'S FIRST AMENDED**
22  CAPITAL ONE BANK (USA), N.A.,        )  **COMPLAINT**
23              Defendant.               )
                                         )  Hearing Date: May 8, 2017
24                                       )
25                                       )
                                         )
26  _____ )
27
28

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

# TABLE OF CONTENTS

I.      INTRODUCTION ............................................................................... 1

II.     STATEMENT OF FACTS .................................................................. 4

III.    LEGAL STANDARD ........................................................................ 5

        A.      Motion To Dismiss .............................................................. 5

        B.      Motion To Strike ................................................................. 6

IV.     ARGUMENT ..................................................................................... 7

        A.      Plaintiff's FCRA Claims Are Sufficiently Plead ............... 7

                1.   Plaintiff Sufficiently Pleads Facts Showing That Defendant
                     Did Not Have A Permissible Purpose When Pulling Her Credit ....... 7

                2.   Plaintiff Sufficiently Pleads Facts Showing That Defendant's
                     Violation Was Willful And Resulted In Actual Damages ............ 12

        B.      Plaintiff's Class Allegations Are Proper ........................... 17

V.      CONCLUSION ................................................................................ 18

i

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................. 4, 12

*Bell Atlantic Corp. v. Twombly*,
  550 US 544 (2007) ................................................................. 5, 8, 11

*Bickley v. Dish Network, LLC*,
  2012 WL 5397754 (W.D. Ky. 2012) .............................................. 11

*Brazil v. Dell Inc.*,
  585 F. Supp. 2d 1158 (N.D. Cal. 2008) ......................................... 18

*Doe v. Sentech Employment Services, Inc.*,
  2016 WL 2851427 (E.D. Mich. 2016) ........................................... 14

*Epstein v. Wash. Energy Co.*,
  83 F.3d 1136 (9th Cir. 1996) .......................................................... 8

*Guimond v. Trans Union Credit Info. Co.*,
  45 F.3d 1329 (9th Cir. 1995) .......................................................... 7

*Haghayeghi v. Guess?, Inc.*,
  2015 WL 1345302 (S.D. Cal. 2015) .............................................. 18

*Heaton v. Social Finance, Inc.*,
  2015 WL 6744525 (N.D. Cal. 2015) ............................................... 7

*In re 2TheMart.com, Inc. Sec. Litig.*,
  114 F.Supp.2d 955 (C.D. Cal. 2000) ............................................... 6

*In re Wal-Mart Stores, Inc. Wage and Hour Litigation*,
  505 F.Supp.2d 609 (N.D. Cal. 2007) ............................................... 6

*Johnson v. CGR Services, Inc.*,
  2005 WL 991770 (N.D. Ill. Apr. 7, 2005) ................................. 16, 17

*Jones v. Best Serv. Co.*,
  2017 WL 490902 (C.D. Cal. 2017) .................................................. 9

**MASHIRI LAW FIRM**
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

ii

*Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*,
    507 U.S. 163 (1993) ................................................................ 5

*Letren v. Wells Fargo Bank, N.A.*,
    2016 WL 560801 (D. Md. Feb. 12, 2016) ................................ 16, 17

*Lobaton v. City of San Diego*,
    2015 WL 7864186 (S.D. Cal. 2015) ........................................ 6

*Loveless v. A1 Solar Power, Inc.*,
    2015 WL 4498787 (C.D. Cal. 2015) ........................................ 18

*Messner v. Northshore Univesity HealthSystem*,
    669 F.3d 802 (7th Cir. 2012) ................................................... 7

*Neighbors of Cuddy Mountain v. Alexander*,
    303 F.3d 1059 (9th Cir. 2002) ................................................. 5

*Novak v. Experian Information Solutions, Inc.*,
    782 F. Supp. 2d 617 (N.D. Ill. 2011) ................................ 15, 16, 17

*Nowlin v. Avis Budget Group*,
    2011 WL 7087108 (M.D.N.C. 2011) ........................................ 15

*Panacci v. A1 Solar Power, Inc.*,
    2015 WL 3750112 (N.D. Cal. 2015) .................................... 17, 18

*Perez v. Portfolio Recovery Assocs., LLC*,
    2012 WL 5373448 (D.P.R. 2012) ............................................ 9

*Pyle v. First Nat. Collection Bureau*,
    2012 WL 1413970 (E.D. Cal. 2012) ..................................... 9, 10

*Rosales v. Citibank, Federal Sav. Bank*,
    133 F.Supp.2d 1177 (N.D. Cal. 2001) ..................................... 6

*Safeco Ins. Co. of Am. v. Burr*,
    551 U.S. 47 (2007) ..................................................... 4, 12, 13, 15

*Shroyer v. New Cingular Wireless Services Inc.*,
    622 F.3d 1035 (9th Cir. 2010) ............................................ 6, 8

*Simpson v. Best W. Int'l, Inc.*,
    2012 WL 5499928 (N.D. Cal. 2012) ...................................... 6, 18

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

iii

*Singleton v. Domino's Pizza, LLC.*,
    2012 WL 245965 (D. Md. 2012) ........................................................ 14

*Syed v. M-I, LLC*,
    2017 WL 1050586 (9th Cir. 2017) ................................................... 15

*Thomas v. Fin. Recovery Servs.*,
    2013 WL 387968 (C.D. Cal. 2013) ............................................. 9, 10

*Waterbury v. A1 Solar Power Inc.*,
    2016 WL 3166910 (S.D. Cal. 2016) ......................................... 17,18

*Wolfkiel v. Intersections Insurance Services Inc.*,
    303 F.R.D. 287 (N.D. Ill. 2014) ...................................................... 6

*Young v. Harbor Mortor Works, Inc.*,
    2009 WL 187793 (N.D. Ind. Jan. 27, 2009) ............................. 15, 17

**Statutes**

*15 U.S.C. § 1681 et seq.* .......................................................................... 7

15 U.S.C. § 1681b ......................................................................... passim

15 U.S.C. § 1681b(f) ...................................................................... passim

15 U.S.C. § 1681b(f)(2) ..................................................................... 5

15 U.S.C. § 1681e ............................................................................ 14

15 U.S.C. § 1681n ......................................................................... passim

15 U.S.C. § 1681o ............................................................................ 13

**Rules**

Fed. R. Civ. Pro. 12(f) ...................................................................... 6

Fed. R. Civ. Pro. 12(b)(6) ........................................................... 5, 6, 8

**MASHIRI LAW FIRM**
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

This Memorandum of Points and Authorities is submitted in support of Plaintiff's Opposition to Defendant's Motion to Dismiss and, Motion to Strike Plaintiff's First Amended Complaint.

## I.    INTRODUCTION

Everyone knows Capital One's trite sound-bite: "What's in your wallet?"  What people fail to realize is that Capital One already knows the answer to this question. Rather than asking, as it so politely does in its well-known commercials, Capital One has taken it upon itself to know precisely "what's in your wallet" by obtaining consumer credit reports without a permissible purpose.

Before this Court is a case about Defendant Capital One Bank's ("Capital One" or "Defendant") predatory behavior in achieving an unfair competitive advantage in the marketplace at the expense of consumer privacy and credit worthiness.  In a span of less than two years, Defendant has pulled Plaintiff's credit report over sixty times in violation of the Fair Credit Reporting Act ("FCRA"), obtaining a myriad of private information such as, for example, her social security number, date of birth, etc.  On information and belief, Defendant has engaged in similar violations as to numerous consumers throughout the United States.

The United States Congress has found abundant evidence that the banking system is dependent upon fair and accurate credit reporting.  Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.  An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.  Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

There is a need to insure that consumer reporting agencies exercise their grave responsibility with fairness, impartiality, and respect for the consumer's right to

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL.: (858) 348-4938
FAX: (858) 348-4939

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

privacy.  Congress wrote the FCRA, 15 U.S.C. section 1681 *et seq*., to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.  In particular, 15 U.S.C. section 1681b provides all permissible purposes for which a creditor is permitted to request a consumer's credit report from the consumer reporting agencies.

Plaintiff brought this case under the FCRA against Defendant Capital One Bank (USA), N.A., ("Capital One") for pulling her credit report when Defendant did not have a credit relationship with Plaintiff nor a permissible purpose as required under 15 U.S.C. section 1681b.

Defendant filed a Motion to Dismiss Plaintiff's First Amended Complaint ("FAC") contending that Plaintiff cannot state a claim under the FCRA (1) because she failed to plead any facts showing that the purpose of the credit inquiries was impermissible, and (2) because she failed to plead any facts showing that any purported violation was willful.  *See* Motion to Dismiss ("Mot. To Dismiss"), Docket Entry No. 9.  Defendant also filed a Motion to Strike Plaintiff's Class Allegations because they were impermissibly failsafe.  *See* Motion to Strike ("Mot. To Strike"), Docket Entry No. 9.

As discussed in detail below, all of Defendant's arguments are without merit.

**<u>Motion to Dismiss</u>**

<u>First</u>, Plaintiff's FAC adequately alleges facts that Defendant did not have a permissible purpose under 15 U.S.C. section 1681b to request her credit report.  *See* FAC, Docket Entry No. 7.

Having a permissible purpose is Defendant's affirmative defense to prove.  The lack of that affirmative defense will come from Defendant's internal records that detail whether it had a permissible purpose to obtain Plaintiff's credit report.

Put another way, Plaintiff and the class need only prove that their credit reports were pulled; they need not prove that Defendant did not have a permissible purpose. Defendant is attempting to project its affirmative defense burden onto Plaintiff's pleading.  This is improper.

In fact, the cases that Defendant cites to for the proposition that "*enumerating each of the permissible circumstances under which a person may require a consumer credit report and alleging that none of these circumstances existed does no more than make a legal conclusion*," stem from a distinguishable line of district court cases where a pro se plaintiff was involved, and where the defendant was a debt collector collecting on an underlying debt.[1]

Here, Plaintiff is not alleging that Defendant Capital One is a debt collector, or that it was attempting to collect on an underlying debt of Plaintiff.  In fact, Defendant Capital One is *not* a debt collector.

As provided in the FAC, the only information available to Plaintiff is that her credit report was pulled by Defendant on numerous occasions, and each time under certification by Defendant that Defendant was pulling her credit report and certifying that it was doing so for a permissible purpose as enumerated under 15 U.S.C. section 1681b.  Plaintiff then specifically alleges that she had no relationship of the kinds enumerated under the permissible purposes as provided under 15 U.S.C. section 1681b. Finally, Plaintiff alleges that Defendant was not attempting to collect an underlying debt belonging to Plaintiff.

This is enough to establish the plausibility that Defendant's credit inquiries were impermissible.  To require more would be to require probability.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer

---

[1] *Jones v. Best Serv. Co.*, 2017 WL 490902 (C.D. Cal. 2017) ("courts have been especially skeptical of claims brought against debt collection agencies, given that debt collection agencies typically request credit reports for the permissible purpose of seeking the information in connection with the consumer's debt.")

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

**MASHIRI LAW FIRM**
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

possibility that a defendant has acted unlawfully.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

<u>Second</u>, Defendant argues that even if Plaintiff adequately pleaded an impermissible purpose, Plaintiff fails to show that any purported violation was willful or to plead actual damages.

However, Plaintiff pleads enough information to establish that Defendant's conduct rises to the level of willfulness under 15 U.S.C. section 1681n by either knowingly or recklessly disregarding the FCRA's prohibitions on impermissibly pulling consumers' credit reports.  *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57-60 (2007).  Further, Plaintiff pleads actual damages in the form of emotional distress and invasion of privacy.

## Motion to Strike

Defendant also argues that Plaintiff's class allegations must be stricken because they are impermissibly failsafe.  Given the lack of obvious defects in Plaintiff's class definitions and the infrequency of striking class allegations prior to motions for class certification, Defendant's Motion to Strike Plaintiff's Class Definition should be denied or in the alternative, this Court should grant Plaintiff leave to amend the class definition.[2]

Accordingly, for these reasons, and those stated below, Defendant's Motion to Dismiss and Defendant's Motion to Strike Plaintiff's class definition should be denied.

## II.   STATEMENT OF FACTS

On June 20, 2016, Plaintiff Freshta Nayab (hereinafter "Plaintiff") reviewed her Experian credit report and discovered that Defendant submitted numerous unauthorized

---

[2] *Waterbury*, 2016 WL 3166910, at *5; *see Panacci*, 2015 WL 3750112, at *9; *Haghayeghi v. Guess?, Inc.*, 2015 WL 1345302, at *6 (S.D. Cal. 2015) (declining to strike class allegations until the class certification stage); *Loveless v. A1 Solar Power, Inc.*, 2015 WL 4498787, at *3 (C.D. Cal. 2015) (same); *Simpson v. Best W. Int'l, Inc.*, 2012 WL 5499928, at *9 (N.D. Cal. 2012).

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. #500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

credit report inquiries to Experian.  FAC, ¶ 18.  Plaintiff never conducted any business nor incurred any additional financial obligations to Defendant.  FAC, ¶¶ 24-33.

Plaintiff also alleges that Defendant did not use her credit information for any permissible purpose enumerated under 15 U.S.C. section 1681b and in particular, Defendant did not use her credit information in connection with a credit transaction involving her on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, hers.  FAC, ¶ 25.

Further, Plaintiff alleges that Defendant's wrongful inquiries were a violation of 15 U.S.C. section 1681b, and that these inquiries resulted in an invasion of Plaintiff's right of privacy, caused Plaintiff's credit score to drop directly impacting Plaintiff's credit availability and finances, and increased risk of injury in the event of a data breach.  FAC, ¶¶ 40, 42-44.

Finally, because 15 U.S.C. section 1681b(f)(2) requires Defendant to certify to a consumer reporting agency, such as Experian, that it has a permissible purpose to request a consumer credit report, Plaintiff alleges that Defendant's violation was willful since Defendant was put on notice by the credit reporting agency and thus aware of the FCRA provisions.  FAC, ¶¶ 19-22.

## III.   LEGAL STANDARD

### A.   <u>Motion To Dismiss</u>

It is well established that allegations of facts contained in a complaint must be accepted as true by the court when deciding on a motion to dismiss.  *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993).  Thus, a motion to dismiss cannot be granted based on the court's disbelief of a complaint's factual allegations.  *Bell Atlantic Corp. v. Twombly*, 550 US 544, 556 (2007).  Furthermore, the facts in the complaint are construed in the light most favorable to Plaintiff.  *Neighbors of Cuddy Mountain v. Alexander*, 303 F.3d 1059, 1068 (9th Cir. 2002).  Lastly, a motion to dismiss under F.R.C.P. 12(b)(6) is proper only "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a

cognizable legal theory." *Shroyer v. New Cingular Wireless Services Inc.*, 622 F.3d 1035, at 1041 (9th Cir. 2010).

As discussed in detail below, Defendant failed to meet its high burden under Rule 12(b)(6).

### B.   <u>Motion To Strike</u>

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

Rule 12(f) Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a ***delay tactic***. *Lobaton v. City of San Diego*, 2015 WL 7864186 at \*1 (S.D. Cal. 2015) (quoting *In re Wal-Mart Stores, Inc. Wage and Hour Litigation*, 505 F.Supp.2d 609, 614 (N.D. Cal. 2007) (emphasis added). Motions to strike are "generally not granted unless it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation." *Rosales v. Citibank, Federal Sav. Bank,* 133 F.Supp.2d 1177, 1180 (N.D. Cal. 2001). Any doubt concerning the import of the allegations to be stricken weighs in favor of denying the motion to strike. *See In re 2TheMart.com, Inc. Sec. Litig.,* 114 F.Supp.2d 955, 965 (C.D. Cal. 2000).

"Although it is not per se improper for a defendant to move to strike class allegations before the motion for class certification [...] most courts decline to grant such motions because 'the shape and form of a class action evolves only through the process of discovery' " *Simpson v. Best W. Int'l, Inc*., 2012 WL 5499928, at \*9 (N.D. Cal. 2012) quoting *In re Wal-Mart Stores, Inc. Wage and Hour Litigation*, 505 F.Supp.2d 609, at 614.

"More importantly, [the fail-safe problem] is not a basis on which to strike Plaintiff's class allegations prior to the certification stage." *Wolfkiel v. Intersections Insurance Services Inc.* 303 F.R.D. 287, at 294 (N.D. Ill. 2014).

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. #500694
SAN DIEGO, CA 92150
TEL.: (858) 348-4938
FAX: (858) 348-4939

"Defining a class so as to avoid, on one hand, being over-inclusive and, on the other hand, the fail-safe problem is more of an art than a science. Either problem can and often should be solved by refining the class definition rather than by flatly denying class certification on that basis." *Messner v. Northshore Univesity HealthSystem*, 669 F.3d 802, 825 (7th Cir. 2012).

## IV.   ARGUMENT

### A.   Plaintiff's FCRA Claims Are Sufficiently Plead

The FCRA, which is encoded in 15 U.S.C. section 1681 *et seq*., is federal legislation enacted to promote the accuracy, fairness, and privacy in consumer credit reports. The "purpose of the FCRA is to protect consumers from the transmission of inaccurate information about them and "to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." *Guimond v. Trans Union Credit Info. Co.,* 45 F.3d 1329, 1333 (9th Cir. 1995).

"The FCRA is a consumer protection statute, which must be construed liberally" in favor of the consumer.  *Heaton v. Social Finance, Inc.,* 2015 WL 6744525 at *5 (N.D. Cal. 2015) citing to *Guimond,* 45 F.3d at 1333.

### 1.   Plaintiff Sufficiently Pleads Facts Showing That Defendant Did Not Have A Permissible Purpose When Pulling Her Credit

First, Plaintiff's FAC adequately alleges facts that Defendant did not have a permissible purpose under 15 U.S.C. section 1681b to request her credit report.  Indeed, Plaintiff alleges that Defendant submitted numerous credit report inquires to Experian, a credit reporting agency.  FAC, ¶ 18.  Plaintiff alleges that she never authorized Defendant to run her credit report.  *See* FAC, ¶ 24.  Finally, Plaintiff alleges that she never engaged Defendant for any business or employment opportunities, nor incurred any additional financial obligations to Defendant in the form of debt, collection accounts, or otherwise.  *See* FAC, ¶¶ 25-33.  Accordingly, Plaintiff has alleged

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. #500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

sufficient facts to show that it is plausible that Defendant did not have a permissible purpose to request her credit report as permitted under 15 U.S.C. section 1681b.

A motion to dismiss under F.R.C.P. 12(b)(6) is proper only "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer,* 622 F.3d 1041.

Hoping to confuse the court, Defendant conveniently skirts around its statutory duty under the FCRA by using flawed logic. Even more, Defendant misapplies the holdings of various precedential cases in order to support its erroneous position that Plaintiff has made "conclusory allegations of law and unwarranted inferences." *Epstein v. Wash. Energy Co*., 83 F.3d 1136, 1140 (9th Cir. 1996); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 557 (2007). Plaintiff does no less than provide the Court with warranted inferences supported by fundamental logic.

To say Plaintiff's allegations consist of conclusory allegations and unwarranted inferences is to abandon reason, frustrate the purpose of the FCRA, and insulate FCRA offenders like Defendant Capital One from liability.

It is no secret; Defendant has a statutory duty under the FCRA. 15 U.S.C. section 1681b provides an enumerated list of all permissible purposes that a creditor may use to request a credit report. If one of the permissible purposes are not met under the FCRA, the corollary follows that the credit report was pulled without a permissible purpose. *See* 15. U.S.C. § 1681(b)(f) (providing that a "person shall not *use or obtain* a consumer report for any purpose" other than a purpose authorized under the Act) (emphasis added). This sound conclusion is based on well-known principals of deductive reasoning –a concept most prospective law students are intimately familiar with (i.e., Law of Contrapositive: P only if M, ~M so ~ P).

Having a permissible purpose is Defendant's affirmative defense to prove. The lack of that affirmative defense will come from Defendant's internal records that detail whether it had a permissible purpose to obtain Plaintiff's credit report.

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

Put another way, Plaintiff and the class need only prove that their credit reports were pulled; they need not prove that Defendant did not have a permissible purpose. Defendant is attempting to project its affirmative defense burden onto Plaintiff's pleading, which is improper.

In fact, the cases that Defendant cites to for the proposition that "*enumerating each of the permissible circumstances under which a person may require a consumer credit report and alleging that none of these circumstances existed does no more than make a legal conclusion*," stem from a distinguishable line of district court cases where a **pro se plaintiff** was involved, and where the **defendant was a debt collector collecting on an underlying debt**. Mot. to Dismiss p. 8: 12-18; see *Thomas v. Fin. Recovery Servs.*, 2013 WL 387968, at *5 (C.D. Cal. 2013) ("Defendant contends that it requested Plaintiff's credit report in connection with debt collection activities relating to Plaintiff's account with Dell"); *Perez v. Portfolio Recovery Assocs., LLC*, 2012 WL 5373448, at *2 (D.P.R. 2012) ("The fact that Plaintiff had credit problems, as evidenced by the loan rejection letter, [...] militates against finding that the credit inquiries were unwarranted. *See e.g.* 15 U.S.C. § 1681b(a)(3)(A) (providing that credit inquiry is permissible for 'review or collection of an account of[ ] the consumer')"); *Jones v. Best Serv. Co.*, 2017 WL 490902, at *7 (C.D. Cal. 2017) ("Moreover, courts have been especially skeptical of claims brought against debt collection agencies, given that debt collection agencies typically request credit reports for the permissible purpose of seeking the information in connection with the consumer's debt."); *Pyle v. First Nat. Collection Bureau*, 2012 WL 1413970, at *3 (E.D. Cal. 2012) ("Accordingly, Defendant, as a collection agency, appears to havsafee acted with a permissible purpose under the FCRA.").

In particular, Defendant discusses *Thomas v. Financial Recovery Services* at length. Although *Thomas* stood for many of the proposition Defendant cites to, Defendant fails to account for the thread that ties these propositions together. In *Thomas*, the court was aware that Defendant was a debt collector attempting to collect

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

on a debt owed by Plaintiff. *Thomas v. Financial Recovery Services*, 2013 WL 387968, at *3 (C.D. Cal. 2013) ("Defendant contended that it requested Plaintiff's consumer credit report in order to use the information to assist with its collection of a debt owed by Plaintiff to another agency. *Mot.* 1:26–2:1. Specifically, Defendant contends that Plaintiff had a delinquent account with Dell Financial Services ("Dell"), which was referred to FRS for collection.") Said differently, it was because defendant was a debt collector attempting to collect on the plaintiff's underlying debt that the court in *Thomas* ruled the way it did.

To make matters worse, even one of the cases Defendant cites to, which the *Thomas* court also cites, provides the following reason for its view: "[p]laintiff fails to establish that Defendant was not, in fact, a collection agency, or that Plaintiff did not owe any debt that Defendant was seeking to collect on behalf of another entity." *Pyle*, 2012 WL 1413970, at *3.

On information and belief, Defendant Capital One is neither a debt collector nor attempting to collect on an underlying debt of Plaintiff. *See* FAC ¶¶ 25-27, 32-33. Nor did Plaintiff allege that. In fact, Plaintiff has absolutely no relationship to Capital One whatsoever. *See Id.*

Moreover, Defendant's contention that "Plaintiff never explains what exactly Capital One did that was wrong," could be no further from the truth. *See* Mot. To Dismiss p. 8: 19-21. Indeed, Plaintiff provides exactly what Capital One did that was wrong; that is, Defendant Capital One pulled Plaintiff's credit report numerous times for an impermissible purpose.

Even so, Defendant makes it appear as though Plaintiff is averse to the fact that the FCRA provides permissible purposes in which a creditor may access a consumer's credit report *without* a consumer's consent. *See* Mot. To Dismiss p. 9: 21-23 ("Again, the reality is that credit inquiries are made constantly—with and without consumer knowledge and consent—for a wide variety of permissible reasons"). But Plaintiff does not contest, and in fact agrees, that the FCRA provides permissible purposes in which

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. #500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

a creditor may access a consumer's credit report *without* a consumer's consent. *See* FAC ¶¶ 19, 23.

Accepting this premise as true, Plaintiff still alleges that the creditor did not meet the requirements of those enumerated permissible purposes required by the act. Plaintiff, on information and belief, specifically refutes the elements of each of the permissible purposes that Defendant could claim it had when pulling Plaintiff's credit report. Indeed, these are not threadbare assertions, rather, these are assertions that Plaintiff has personal knowledge of. *Twombly*, 550 US 544, at 556 (2007) (a court must accept as true all of the allegations contained in a complaint).

Defendant also cites to *Bickley v. Dish Network, LLC* in support of its position that a "bare assertion that [defendant] accessed [plaintiff's] credit report without a permissible purpose is insufficient to show that Defendant accessed Plaintiff's credit report with an impressible purpose." *Bickley v. Dish Network, LLC*, 2012 WL 5397754, at *5 (W.D. Ky. 2012). Yet again, Defendant fails to appreciate the entirety of the cases it cites to and instead cherry-picks statements as it pleases.

The court in *Bickley*, on a motion for summary judgment – not a motion to dismiss, was faced with a plaintiff who was a victim of identity theft. There, the defendant pulled the plaintiff's credit report in response to a legitimate business application initiated by an imposter. *Bickley*, 2012 WL 5397754, at *5 ("Therefore, American Satellite's inquiry into Plaintiff's credit report is permissible as a legitimate business need, even though Plaintiff himself did not voluntarily surrender his privacy. To that end, American Satellite did not have the requisite culpability—here willfulness or even negligence in violating the FCRA—to impose civil liability when simply following through with normal procedures for any potential customer seeking to purchase DISH Network services.")

Here, Plaintiff is not a victim of identity theft. Nor has Defendant claimed to have pulled Plaintiff's credit report for an imposter claiming to have been Plaintiff.

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

As a practical matter, the Court should appreciate that Plaintiff has plead the only information reasonable available to her. Plaintiff specifically alleges that her credit report was pulled by Defendant on multiple occasions, and each time under certification by Defendant that Defendant was pulling her credit report and certifying that it was doing so for a permissible purpose as enumerated under 15 U.S.C. section 1681b. Plaintiff then specifically alleges that she had no relationship of the kinds enumerated under the permissible purposes as provided under 15 U.S.C. section 1681b. Finally, in reviewing all of her accounts, Plaintiff alleges that she has no accounts in collection with Defendant or any of its affiliates. FAC ¶¶ 18-37.

This is enough to establish the plausibility that Defendant's credit inquiries were impermissible. To require more would be to require probability. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On a motion to dismiss, plaintiffs need only provide allegations sufficient to demonstrate entitlement to relief; they need not prove their case at such an early stage in the proceedings.

## 2.   Plaintiff Sufficiently Pleads Facts Showing That Defendant's Violation Was Willful And Resulted In Actual Damages

"Congress enacted FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47, 52, 127 S.Ct. 2201, 167 L.Ed.2d 1045 (2007). In keeping with this purpose, the FCRA prohibits a person from obtaining "a consumer report for any purpose" unless the purpose is authorized by the FCRA and the purpose is certified by the user. 15 U.S.C. § 1681b(f).

Plaintiff's FAC alleges that Defendant violated 15 U.S.C. section 1681b(f) by accessing Plaintiff's credit file numerous times without a permissible purpose. The FCRA creates civil causes of action for both willful and negligent violations. 15 U.S.C.

§§ 1681n, 1681o. Willful violations allow for actual or statutory damages as well as punitive damages, while negligent violations only allow for actual damages.

Defendant argues that even if Plaintiff adequately pleaded an impermissible purpose, Plaintiff fails to show that any purported violation was willful or in the alternative fails to plead actual damages.

However, contrary to Defendant's argument, Plaintiff pleads enough to establish that Defendant's conduct rises to the level of willfulness under 15 U.S.C. section 1681n by knowingly or recklessly disregarding the FCRA's prohibitions on impermissibly pulling consumers' credit reports. Further, Plaintiff pleads actual damages in the form of Plaintiff's credit score dropping, directly impacting her credit availability and finances; emotional distress; and invasion of privacy.

### a.   __Willful Conduct__

First, Defendant asserts that Plaintiff's claim that the violation by Defendant was willful fails because the allegations simply indicate Defendant had *general awareness*. *See* Mot. To Dismiss p. 11: 5. Of course, this is yet another one of Defendant's attempts to confuse the court by contriving its own standard for willful conduct.

The Supreme Court has clarified that, under Section 1681n, willfulness reaches actions taken in "reckless disregard of statutory duty," in addition to actions "known to violate the Act." *Safeco*, 551 U.S. at 56–57. A party does not act in reckless disregard of the FCRA "unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id*. at 69.

Because Defendant has a statutory duty under section 1681b of the FCRA, there is no requirement that there be some particular level of *awareness* of the FCRA as Defendant erroneously suggests. *See* Mot. to Dismiss p. 11: 5

Second, Defendant attempts to create its own heightened standard of what constitutes specific facts as provided in *Singleton v. Domino's Pizza, LLC*. 2012 WL 245965, *4 (D. Md. 2012). Remarkably, Defendant expects Plaintiff to prove beyond

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

a reasonable doubt that Defendant was aware of the FCRA provision at the pleading stage.

Even if this were the standard, which it is not, Plaintiff indeed establishes that Defendant was aware of the FCRA provision as follows: Plaintiff alleges that "[b]ecause Experian requires Defendant to certify a permissible purpose prior to the dissemination of each consumer credit inquiry under 15 U.S.C. section 1681e, Defendant was aware of and had the ability to comply with the requirements under 15 U.S.C. section 1681b and other provisions of the FCRA." *See* FAC, ¶ 36.

Plaintiff continues by alleging that "Defendant is also aware of the FCRA provisions because Defendant itself is a credit furnisher who reports customer information to credit reporting agencies such as Experian." *See* FAC, ¶ 37.  Finally, Plaintiff alleges that "Defendant has a Financial Education page on its Capital One website for consumer education pertaining to the FCRA." *See* FAC, ¶ 37 (citing to https://www.capitalone.com/financial-education/credit-and-loans/credit-score/credit-bureaus/).

In fact, every time Defendant requested Plaintiff's credit report from Experian, Defendant certified that it would use the report for the permissible purposes under 15 U.S.C. section 1681b.  *See* 15 U.S.C. § 1681e; *Doe v. Sentech Employment Services, Inc.*, 2016 WL 2851427, *6 (E.D. Mich. 2016) citing *Singleton v. Domino's Pizza, LLC*, 2012 WL 245965, *4 (D. Md. 2012) ["Assertions that a defendant is aware of the FCRA, but failed to comply with its requirements, are sufficient to support an allegation of willfulness and to avoid dismissal."].  In fact, this certification is a requirement under the FCRA.  15 U.S.C. § 1681b(f).

Moreover, "where willfulness is a statutory condition of civil liability, we have generally taken it to cover not only knowing violations of a standard, but reckless ones as well." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007).  "A party does not act in reckless disregard of the FCRA 'unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. #500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

violating the law substantially greater than the risk associated with a reading that was merely careless.'" *Syed v. M-I, LLC*, 2017 WL 1050586, at *8 (9th Cir. 2017) citing to *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69 (2007).

Here again, there is no requirement to show *specific awareness* of the statute, a showing of reckless disregard is sufficient.

Accordingly, Plaintiff pleads enough information to establish that Defendant's conduct rises to the level of willfulness under 15 U.S.C. section 1681n by either knowingly or recklessly disregarding the FCRA's prohibitions on impermissibly pulling consumers' credit reports.

### b. <u>Actual Damages</u>

Defendant cites to *Nowlin v. Avis Budget Group* for the proposition that "[a]n alleged decrease in credit score is not sufficient to state a claim for damages." 2011 WL 7087108, at *2 (M.D.N.C. 2011). The *Nowlin* court, rather than explaining this proposition itself, cites to two other cases for support "*See Novak,* 782 F.Supp.2d at 623; *Young v. Harbor Mortor Works, Inc.*, 2009 WL 187793 (N.D. Ind. Jan. 27, 2009)." *Nowlin*, 2011 WL 7087108, at *2.

In *Young*, the plaintiff alleged that his "credit score decreased," and the court concluded that it did not suffice as actual damages. *Young v. Harbor Mortor Works, Inc.,* 2009 WL 187793, at *5 (N.D. Ind. Jan. 27, 2009). Yet, in *Young*, the court observed that the plaintiff "ha[d] not alleged any actual damages that he suffered as a consumer flowing from the alleged decrease in credit score *such as that he was denied credit, lost credit, had his credit limits lowered, or was required to pay a higher interest rate for credit*" <u>or</u> "non-pecuniary damage *such as loss of reputation or physical or mental effects*." *Id.* (emphasis added).

Similarly, in *Novak* the complaint failed because the plaintiff "merely ma[de] the threadbare allegation that he 'was damaged by these violations' " and "ha[d] not, for example, alleged that he was *denied or lost credit....*" *Novak v. Experian Information Solutions, Inc.*, 782 F. Supp. 2d 617, 623 (N.D. Ill. 2011) (emphasis added).

Unlike the plaintiffs in the cases Defendant cites, Plaintiff has alleged more than a decrease in her credit score or general damage by listing many of the specific harms that are identified as actual damages that a consumer may suffer from an FCRA violation. *See* FAC, ¶ 29.

 "The FCRA does not explicitly limit the 'actual damages' recoverable under the statute and Plaintiff does not need to plead her damages with heightened particularity. However, the complaint needs at least to give the other party some notice as to what her actual damages could possibly be." *Letren v. Wells Fargo Bank, N.A.*, 2016 WL 560801, at *4 (D. Md. Feb. 12, 2016) citing to *Johnson v. CGR Services, Inc.*, 2005 WL 991770, at *2–3 (N.D. Ill. Apr. 7, 2005) (dismissing complaint where plaintiff claimed that she "suffered damages as a result of Defendants' conduct," but did not elaborate, and the court could not "conceive of any damages that Plaintiff has sustained from which the Court could grant relief").

Here, Plaintiff has given Defendant notice of her possible actual damages:

In paragraph 40 of the FAC, Plaintiff alleged the following:

"Plaintiff suffered an invasion of a legally protected interest when Defendant accessed her highly confidential personal information on her credit report at a time when Defendant had no right to do so, an invasion of Plaintiff's right to privacy. The FCRA, through 15 U.S.C. section 1681b, protects consumers like Plaintiff from this precise behavior."

In paragraph 42 of the FAC, Plaintiff alleged the following:

"Plaintiff was affected personally because when she realized the behavior of Defendant described above (pulling her credit report on numerous occasions without any authorization), Plaintiff felt that her privacy had been invaded and that her personal and private information had been disclosed to Defendant, who had no right to Plaintiff's information."

In paragraph 43 of the FAC, Plaintiff alleged the following:

"Defendant's violation […] caused Plaintiff's credit score to drop directly impacting Plaintiff's credit availability and finances" and emotional and mental distress since "Plaintiff felt that her privacy had been invaded and that her personal and private information had been disclosed to Defendant."

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL.: (858) 348-4938
FAX: (858) 348-4939

Clearly, Plaintiff's allegations of actual damages are more than a threadbare recital of the elements, and are sufficient to survive Defendant's Motion to Dismiss. *See Letren*, 2016 WL 560801, at \*4; *Johnson*, 2005 WL 991770, at \*2–3; *Novak*, 782 F. Supp. 2d at 623; *Young*, 2009 WL 187793, at \*5.

## B.      Plaintiff's Class Allegations Are Proper

Finally, Defendant argues that Plaintiff's class allegations must be stricken because they are impermissibly failsafe. However, it is not facially apparent from the pleadings that the class is impermissibly failsafe—the criteria are objective and do *not* require legal conclusions.

Plaintiff seeks to represent two classes, which are identical (except for covering different periods), consisting of: All persons with addresses within California whose consumer credit reports were accessed by Defendant at a time when Defendant did not have a credit relationship with said person of the kind specified in 15 U.S.C. section 1681b(a)(3)(A)-(F). FAC ¶ 47.

This is *not* a failsafe class definition. The Court can determine membership in Plaintiff's putative classes using objective criteria, as in *Panacci v. A1 Solar Power, Inc.* 2015 WL 3750112, at \*8-9 (N.D. Cal. 2015) (finding plaintiff's class definition was not failsafe because the court need not make legal conclusions in order to determine membership, it need only look to objective criteria such as whether one's phone number was listed on the do-not-call registry).

Similarly, here, the Court need only look to objective criteria such as whether one's credit report was pulled.

"This case is unlike cases [Defendant cites to] where the courts have granted motions to strike failsafe class definitions, such as in *Brazil*, where the court struck a class definition that included persons who purchased products that the defendant "*falsely advertised as discounted*.'" *Waterbury v. A1 Solar Power Inc.*, 2016 WL

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. #500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

3166910, at *5 (S.D. Cal. 2016) citing to *Brazil v. Dell Inc.,* 585 F. Supp. 2d 1158, 1167 (N.D. Cal. 2008) (emphasis added).  The failsafe nature of the class definition in *Brazil* was obvious, unlike in *Panacci*, *Waterbury*, and the instant case.

Because Plaintiff's class definitions "lack obvious defects" and courts rarely strike class allegations at the pleading stage, the Court should decline to strike Plaintiff's class definitions from the FAC.  *Waterbury*, 2016 WL 3166910, at *5; *see Panacci*, 2015 WL 3750112, at *9; *Haghayeghi v. Guess?, Inc.*, 2015 WL 1345302, at *6 (S.D. Cal. 2015) (declining to strike class allegations until the class certification stage); *Loveless v. A1 Solar Power, Inc.*, 2015 WL 4498787, at *3 (C.D. Cal. 2015) (same); *Simpson v. Best W. Int'l, Inc.*, 2012 WL 5499928, at *9 (N.D. Cal. 2012) ("Although it is not per se improper for a defendant to move to strike class allegations before the motion for class certification ... most courts decline to grant such motions because 'the shape and form of a class action evolves only through the process of discovery' ").

But to the extent that the Court finds Plaintiff's proposed class to be an impermissible failsafe class, Plaintiff proposes that the class definition be amended to include anyone whose consumer credit report was accessed, ***regardless*** of not having a relationship with Defendant of the kind specified in 15 U.S.C. section 1681b(a)(3)(A)-(F).

Given the lack of obvious defects in Plaintiff's class definitions and the infrequency of striking class allegations prior to motions for class certification, Defendant's Motion to Strike Plaintiff's Class Definition should be denied or in the alternative, this Court should grant Plaintiff leave to amend the class definition.

## V.   CONCLUSION

For the reasons stated above, Plaintiff respectfully request that this Court deny Defendant's Motion to Dismiss in its entirety and deny Defendant's Motion to Strike Plaintiff's class definition, or in the alternative allow Plaintiff leave to amend the class definition.

DATED: April 24, 2017        **MASHIRI LAW FIRM**
A Professional Corporation

By: /s/Alex Asil Mashiri
Alex Asil Mashiri
Attorney for Plaintiff,
Freshta Y. Nayab

DATED: April 24, 2017        **THE JAMI LAW FIRM, APC**

By: /s/ Tamim Jami
Tamim Jami
Attorney for Plaintiff,
Freshta Y. Nayab

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

19