UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRESHTA Y. NAYAB,<br><br>                      Plaintiff,<br><br>v.<br><br>CAPITAL ONE BANK, N.A.,<br><br>                      Defendant. | Case No.: 3:16-CV-3111-CAB-MDD<br><br>**DISMISSAL WITH PREJUDICE**<br><br>[Doc. No. 9] |

This matter is before the Court on a motion to dismiss the first amended complaint ("FAC") for failure to state a claim or in the alternative to strike the class actions therein. As discussed below, the motion has merit and the FAC does not state a claim on which relief can be granted. However, the Court finds that Plaintiff lacks Article III standing. Therefore, the Court lacks subject matter jurisdiction and must dismiss the FAC on that basis. Moreover, because the FAC fails to state a claim and because by her own admission Plaintiff lacks information to state such a claim, any amendment to allege facts sufficient to give Plaintiff standing would still be subject to dismissal for failure to state a claim. Accordingly, the FAC is dismissed with prejudice.

**I.    Background**

Plaintiff filed this lawsuit on December 30, 2016. According to the original complaint, on June 20, 2016, Plaintiff Freshta Nayab discovered that Defendant Capital

1

One Bank, N.A. ("Capital One") had made several inquiries on her Experian credit report. Nayab alleged that she "never conducted any business nor incurred any additional financial obligations to" Capital One [Doc. No. 1 at ¶ 20], and that as a result, the inquiries violated the Fair Credit Reporting Act. The original complaint asserted one claim for violation of the FCRA on behalf of Nayab and national classes including everyone with a United States address "whose consumer credit report . . . reflects an unauthorized consumer credit report inquiry by Defendant within the past" two years and five years, respectively. [Doc. No. 1 at ¶ 32.]

Capital One moved to dismiss the original complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. In the alternative, Capital One moved to strike the class allegations under Rule 12(f). Instead of opposing the motion, Nayab filed the FAC, which is now the operative complaint. In the FAC, instead of the more general allegation from the complaint, Nayab more specifically cites various permissible purposes for obtaining a credit report under the FCRA to allege that Capital One did not have any of those permissible purposes to make inquiries on her credit report. [Doc. No. 7 at ¶¶ 23-35.] The FAC is silent as to Capital One's actual purpose for making the inquiries on her credit report.

The FAC also changes the language of the class definitions to include persons whose consumer reports were accessed by Capital One "at a time when [Capital One] did not have a credit relationship with said person of the kind specified in 15 U.S.C. section 1681b(a)(3)(A)-(F)." [*Id*. at ¶ 47.] Like the original complaint, the FAC includes only one claim for violation of the FCRA.

**II.   Article III Standing**

"The requirement that jurisdiction be established as a threshold matter is inflexible and without exception; for jurisdiction is power to declare the law, and without jurisdiction the court cannot proceed at all in any cause." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (citing *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 93-95 (1998)) (internal brackets, ellipses, citations and quotation marks omitted). The court has an

"independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). "A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004).

This standing to sue doctrine is derived from Article III's limitation of the judicial power of federal courts to "actual cases or controversies." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Raines v. Byrd*, 521 U.S. 811, 818 (1997)). "The doctrine limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Id.* "[T]he 'irreducible constitutional minimum' of standing consists of three elements. The plaintiff must have (1) suffered an injury-in-fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

The first element, injury-in-fact, "is a constitutional requirement, and 'it is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing.'" *Id.* at 1547-48 (quoting *Raines*, 521 U.S. at 820, n.3). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan*, 504 U.S. at 560). "'For an injury to be "particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Id.* (quoting *Lujan*, 504 U.S. at 560, n.1). Meanwhile, "[a] 'concrete' injury must be '*de facto*'; that is, it must actually exist." *Id.* (citing Black's Law Dictionary 479 (9th ed. 2009)). Therefore, a plaintiff does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* at 1549. A "bare procedural violation, divorced from any concrete harm," does not satisfy the injury-in-fact requirement

of Article III. *Id.*

Here, the FAC does not allege an injury-in-fact attributable to the alleged FCRA violation. Rather, the FAC essentially alleges that the FCRA violation was itself the injury. Thus, the FAC amounts to a claim of a bare procedural violation of the FCRA, divorced from concrete harm, meaning Nayab lacks standing.

The FAC alleges, "on information and belief" that Capital One's violation caused Nayab's "credit score to drop directly impacting [her] credit availability and finances." [Doc. No. 7 at ¶ 43.] It does not, however, allege that Nayab has been denied credit as a result of a lowering of her credit score due to Capital One's inquiries. This conjectural and hypothetical future injury does not satisfy the requirements for Article III standing. *Spokeo*, 136 S.Ct. at 1548.

The FAC's allegation that Capital One "increased the risk that Plaintiff and the class members will be injured if there is a data breach on [Capital One's] computer systems" [*Id.* at ¶ 44] is even more speculative and conjectural. Indeed, the allegation itself concedes that Nayab has not yet been injured in this manner and only that she might be injured in the future if there is a data breach. Nayab's "speculative fear of identity theft is not the 'credible,' 'real and immediate' threat of harm required for Article III standing in data breach cases in the Ninth Circuit." *Patton v. Experian Data Corp.*, No. SACV151871JVSPLAX, 2016 WL 2626801, at *4 (C.D. Cal. May 6, 2016).

Nayab also alleges that when she realized Capital One had pulled her credit report "she felt that her privacy had been invaded and that her personal and private information had been disclosed to [Capital One]." [Doc. No. 7 at ¶ 42.] Invasion of privacy, however, is a tort, not an injury itself. Injury is merely an element of an invasion of privacy claim.[1]

---

[1] *See Simmons v. Countrywide Home Loans, Inc.*, No. 09CV1245 JAH, 2010 WL 2635220, at *6 (S.D. Cal. June 29, 2010) ("The essential elements of a claim for invasion of privacy are: (1) the defendant intentionally intruded upon the solitude or seclusion, private affairs or concerns of the plaintiff; (2) the intrusion was substantial, and of a kind that would be highly offensive to an ordinarily reasonable person; and (3) the intrusion caused plaintiff to sustain injury, damage, loss or harm.").

The FAC does not allege any injury as a result of the alleged invasion of privacy. Instead of alleging how Capital One's actual use of her credit report caused her harm, Nayab merely alleges that because Capital One pulled her credit report without a permissible purpose under the FCRA, she was injured. The existence of a FCRA violation, however, does not automatically mean that Nayab was injured or that her privacy was invaded. *Spokeo*, 136 S.Ct. at 1549.

The allegation that Nayab felt that her privacy was invaded is also insufficient to demonstrate Article III standing because even if Capital One's credit inquiries were impermissible under the FCRA, "absent disclosure to a third party or an identifiable harm from the statutory violation, there is no privacy violation." *Bultemeyer v. CenturyLink, Inc.*, No. CV-14-02530-PHX-SPL, 2017 WL 634516, at *4 (D. Ariz. Feb. 15, 2017) (dismissing FCRA claim for lack of Article III standing because the plaintiff had alleged a bare procedural violation without identifying any concrete harm); *see also In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 996 F. Supp. 2d 942, 961–62 (S.D. Cal. 2014) (citing Ninth Circuit cases where courts declined to find standing based solely on a plaintiff "alleging that his personal information was collected without his consent"); *In re Google, Inc. Privacy Policy Litig.*, No. C 12-01382 PSG, 2012 WL 6738343, at *5 (N.D. Cal. Dec. 28, 2012) ("[N]othing in the precedent of the Ninth Circuit or other appellate courts confers standing on a party that has brought statutory or common law claims based on nothing more than the unauthorized disclosure of personal information, let alone an unauthorized disclosure by a defendant to itself.").

In sum, Nayab has alleged that Capital One "violated a statutory procedure by accessing her credit report without a permissible purpose, without identifying any concrete injury in fact. [Nayab] has failed to make 'a factual showing of perceptible harm.' She lacks standing." *Bultemeyer*, 2017 WL 634516, at *4 (quoting *Lujan*, 504 U.S. at 566).

**III. Motion to Dismiss**

   **A. Legal Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). For purpose of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "[D]ismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotations and citations omitted).

Even under the liberal pleading standard of Rule 8(a)(2), which requires only that a party make "a short and plain statement of the claim showing that the pleader is entitled to relief," a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of the cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555); *see also Adams v. Johnson*, 355 F.3d 1179, 1189 (9th Cir. 2004) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss."). The complaint must "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

   **B. Discussion**

Even assuming Nayab adequately alleges a concrete injury sufficient to give her standing to assert a claim for an FCRA violation, the FAC is subject to dismissal under

6

Rule 12(b)(6) for failure to state a claim. "The FCRA imposes civil liability on any person who obtains a consumer report for an impermissible purpose." *Thomas v. Fin. Recovery Servs.*, No. EDCV 12-1339 PSG (Opx), 2013 WL 387968, at *3 (C.D. Cal. Jan. 31, 2013); *see also* 15 U.S.C. § 1681b. Thus, to survive a motion to dismiss on a section 1681b claim, "the plaintiff must allege facts that, if proven, would establish that the defendant did not have a permissible purpose for obtaining the credit report at issue." *Thomas*, 2013 WL 387968 at *4. "[B]are allegations that the defendant did not have a permissible purpose for obtaining a credit report, without more, are insufficient." *Id.* "Merely reciting each of the permissible circumstances and denying that they apply is similarly inadequate." *Id.* Yet, this is exactly what the FAC does here.

The FAC does not allege that Capital One had any specific purpose for obtaining Nayab's credit report. Instead, the FAC essentially alleges that because she did not expressly permit Capital One to access her report and is not aware of any business relationship or financial transaction between her and Capital One, Capital One's credit inquiries must have been impermissible. In her opposition, Nayab even contends that she need only allege that her credit report was accessed, with the burden on Capital One to prove as an affirmative defense that it had a permissible purpose for obtaining her report. Nayab offers no authority for this burden shifting argument, and the Court rejects it. Because the burden is on Nayab to prove that Capital One accessed her credit report for an impermissible purpose, she must allege facts that would demonstrate that Capital One's purpose was not permissible. To state a claim therefore, Nayab must allege Capital One's actual purpose for obtaining her credit report and not simply the legal conclusion that Capital One's purpose was not among those listed in section 1681b.

In her opposition, Nayab even admits that "the only information available to [her] is that her credit report was pulled by [Capital One] on numerous occasions, and each time under certification by [Capital One] that [Capital One] was pulling her credit report and certifying that it was doing so for a permissible purpose as enumerated under 15 U.S.C. section 1681b." [Doc. No. 10 at 8.] These are the only *facts* known to Nayab. That Nayab

does not know the purpose for Capital One pulling her credit report does not mean that Capital One's purpose was impermissible. Thus, the facts alleged in the FAC do not state a claim for violation of the FCRA.

Nayab argues that her allegations that she and Capital One had no relationship of the kinds listed in section 1681b and that Capital One was not trying to collect a debt are sufficient to state a claim. "However, a credit report can be accessed without a consumer's permission for other 'permissible purposes' under the FCRA." *Jones v. Best Serv. Co.*, No. CV 14-9872 SS, 2017 WL 490902, at *8 (C.D. Cal. Feb. 6, 2017); *see also Perretta v. Capital Acquisitions & Mgmt. Co.*, No. C-02-05561 RMW, 2003 WL 21383757, at *5 n.7 (N.D. Cal. May 5, 2003) (noting that "section 1681b does not appear to require the existence of a debtor-creditor relationship for a party to lawfully acquire a consumer report"). Thus, Nayab's lack of a prior relationship or debt with Capital One does not make it plausible that Capital One's purpose for pulling her credit report was impermissible, notwithstanding Capital One's certification to the contrary. Further, the FAC's list of the various permissible purposes for obtaining a credit report along with allegations that as far as Nayab knows, such circumstances did not exist, amount to legal conclusions, not facts. *Thomas*, 2013 WL 387968, at *5.

Because the FAC "offers no factual basis to infer what purpose—permissible or impermissible—[Capital One] had in making" inquiries on her credit report, it does not allege a plausible claim that Capital One's purpose for obtaining her credit report was impermissible. *Perez v. Portfolio Recovery Assocs.*, LLC, No. CIV. 12-1603 JAG, 2012 WL 5373448, at *2 (D.P.R. Oct. 30, 2012); *see also Twombly*, 550 U.S. at 570. Moreover, because Nayab admits she has no information as to Capital One's actual purpose for obtaining her credit report, any amendment would be futile. Accordingly, even if Nayab has adequately alleged standing (or could amend her complaint to satisfy Article III standing requirements), dismissal with prejudice for failure to state a claim is warranted.

### IV. Conclusion

Because she has not alleged a concrete injury traceable to an alleged FCRA violation, Nayab lacks standing under Article III. The FAC is therefore subject to dismissal on this ground. Moreover, because the FAC fails to state a claim under Rule 12(b)(6), and because, in light of Nayab's admission that she has no information as to Capital One's purpose for pulling her credit report, any amendment to the FAC to allege a concrete injury to support standing would still fail to state a claim for an FCRA violation, the FAC is **DISMISSED WITH PREJUDICE**.

It is **SO ORDERED**.

Dated: June 23, 2017

Hon. Cathy Ann Bencivengo
United States District Judge